76666.0147

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

| | | |
|---|---|---|
| **JESUS PEREZ** | § § § | |
| **Plaintiffs,** | § § | |
| V. | § § | Civil Action No. 2:16-CV-60 |
| **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY AND ZACHARY HARRALSON** | § § § § § | |
| **Defendants** | § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 293RD Judicial District Court, Maverick County, Texas to the United States District Court for the Western District of Texas, Del Rio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I.
## INTRODUCTION

1. On March 16, 2016, Plaintiff Jesus Perez filed his original petition in the 293RD Judicial District Court, Maverick County, Texas captioned *Jesus Perez v. Travelers Lloyds of Texas Insurance Company and Zachary Harralson*, Cause Number 16-03-32810-MCV (the "State Court Action").

2. Citation for the State Court Action was issued on April 27, 2016, and served on Travelers via Certified Mail on May 3, 2016.

1

76666.0147

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff seeks monetary relief between $200,000.00 and $1,000,000.00. *See* Exhibit A-3. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs

5. Plaintiff was at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

6. Defendant Travelers Lloyds of Texas Insurance Company is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993): *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001)("For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.").

7. On the date of this removal and at all relevant times, Travelers Lloyds of Texas Insurance Company's underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas. *See* Exhibit B. Accordingly, Travelers Lloyds of Texas Insurance Company is a citizen of

76666.0147

Connecticut.

8. Defendant Zachary Harralson ("Harralson") was improperly joined, and therefore, his citizenship can be disregarded for purposes of diversity jurisdiction. For purposes of considering whether complete diversity jurisdiction exists, a court may disregard the citizenship of parties that have been improperly joined. *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F.Supp.2d 736, 738 (S.D. Tex. 2010)(citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004)).

9. Because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

10. "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005)(citing *Smallwood*, 385 F.3d at 573).

11. The allegations against Harralson are nothing more than boilerplate. The plaintiffs' allegations were merely asserted against "Defendant" or "Defendants" without alleging what acts or causes of action were attributable to the adjuster individually as opposed to the insurance company.

3

76666.0147

*See TAJ Props., LLC v. Zurich Am. Ins. Co.,* No. H-10-2512, 2010 WL 4923473, at *4 (S.D.Tex. Nov. 29, 2010). In recent cases, courts have held that an adjuster, like Harralson, was improperly joined where the allegations against him were "mere conclusory allegations" and failed to allege facts that "would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct." *Plascencia v. State Farm Lloyds,* 4:14-CV-00524-A, at *14 (N.D. Tex. Sept. 25, 2014.)[1]

12. In addition, there is no plausible recovery against Harralson on the breach of contract and breach of the duty of good faith and fair dealing claims alleged against him. Plaintiff's Original Petition in the State Court Action does not allege the existence of a contract between Kronk and the Plaintiffs, a necessary element for both breach of contract and breach of the duty of good faith and fair dealing claims. *See e.g. Griggs v. State Farm Lloyds,* 181 F.3d 694, 700-01 (5th Cir. 1999).

13. There is also no reasonable basis to predict that Plaintiffs could recover for the alleged violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act against Harralson. A Court has recently concluded that similar claims do not support a cause of action against an adjuster and that the adjuster was accordingly improperly joined. *See Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F. Supp.3d 721, 723-25 (N.D. Tex. 2014); *One Way Investments, Inc. v. Century Sur. Co.,* No. 3:14-CV-2839-D, 2014 WL 6991277, at *3-5 (N.D. Tex. Dec. 11, 2014).

14. Accordingly, because the allegations against Harralson are conclusory and made solely to destroy diversity jurisdiction, Harralson's citizenship should be disregarded because he was improperly joined.

---

[1] A copy of the *Plascencia* opinion is not available on Westlaw and is therefore attached for reference as Exhibit C.

76666.0147

15. Harralson's consent to this removal is not required because he was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007)("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

16. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

17. This Notice of Removal is filed within thirty (30) days after service (on May 3, 2016) by Defendants of the State Court Action. This Notice of Removal has also been filed within one year of the filing of Plaintiffs' Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

## III.
## PROCEDURAL REQUIREMENTS

19. In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 293RD Judicial District Court, Maverick County, Texas.

20. Defendant reserves the right to amend or supplement this Notice of Removal.

21. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

    (a)    an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

    (b)    a copy of each document filed in the State Court Action, except discovery material,

76666.0147

arranged in chronological order according to the state court filing date;

  (c)  a separately filed JS 44 Civil Cover Sheet; and

  (d)  a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: 27 May, 2016

            Respectfully submitted,

            ADAMI, SHUFFIELD, SCHEIHING
              & BURNS, P.C.
            9311 San Pedro, Suite 900
            San Antonio, Texas 78216
            Telephone (210) 344-0500
            Telecopier (210) 344-7228
            bscheihing@adamilaw.com

By: _/s/ Robert F. Scheihing_____
   ROBERT F. SCHEIHING
   State Bar No. 17736350

ATTORNEY FOR DEFENDANT

76666.0147

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure this 27th day of May, 2016:

Larry W. Lawrence, Jr.
Michael Lawrence
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
CARTWRIGHT LAW FIRM, LLP
1300 Post Oak Blvd., Suite 7601
Houston, Texas 77056
lory@dcarwrightlaw.net

ROBERT F. SCHEIHING